UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SHAYLA GARRETT,

                            Plaintiff,

   -against-

NORTHWELL HEALTH ET AL.,

                         Defendants.
--------------------------------------------------------X

FILED
CLERK
10/22/2020 3:29 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

For Online Publication Only

**ORDER**
18-CV-3860 (JMA) (ARL)

**AZRACK, United States District Judge:**

On July 3, 2018, plaintiff initiated a civil action against defendants in this Court. (ECF No. 1.) On November 30, 2018, the Court granted the parties' request for an extension to file an amended complaint by January 30, 2019. (ECF No. 23.) On January 4, 2019, plaintiff's counsel, Audrey Thomas, moved by letter to withdraw as counsel. Ms. Thomas indicated that plaintiff ceased responding to her three months earlier, had not returned any of her calls, did not respond to her letters or emails, and had not participated in the litigation since it was filed. (ECF No. 24.) Ms. Thomas mailed a copy of this letter motion to plaintiff. (Id.)

Judge Spatt denied counsel's motion to be relieved without prejudice and directed her to file the motion in accordance with Local Civil Rule 1.4, which Ms. Thomas never did. (Electronic Order, 1/5/2019.) On January 30, 2019 Judge Spatt granted defendant's request to stay the time to respond to the complaint until either plaintiff requested new counsel or requested to proceed pro se, and the Court approved such request. (ECF No. 25.)

The case then remained dormant until July 1, 2020, when this Court directed plaintiff's counsel to file a Status Report by July 17, 2020. (Electronic Order, 7/1/2020.) On July 1, 2020, Ms. Thomas filed a letter stating that she had not had any contact with plaintiff in almost a year

despite attempts to contact her. (ECF No. 26.) The letter also states "[o]ur firm can file a motion to be relieved if the court wish to set a schedule we are prepared to comply." (Id.) A copy of this letter was mailed to plaintiff. (Id.)

On July 9, 2020, defendant filed a letter motion seeking dismissal for failure to prosecute. (ECF No. 28.) That same day, the Court directed Ms. Thomas file a motion to withdraw by August 7, 2020, if she intended to withdraw. (Electronic Order, 7/9/2020.) Ms. Thomas did not file a motion to withdraw by the deadline and has not filed anything with the Court since her July 1, 2020 letter.

Plaintiff has not communicated with the Court in any fashion after receiving copies of the letters filed by her counsel, Ms. Thomas.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case sua sponte for lack of prosecution or noncompliance. Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

Plaintiff filed this action in July 2018 but has since failed to prosecute this action. The Court has considered the relevant factors here and concludes that plaintiff's failure to prosecute this case and communicate with her attorney warrants dismissal. Additionally, dismissal for failure to prosecute is also warranted based on plaintiff's counsel's repeated failures to file a formal motion to withdraw which, along with plaintiff's own failure to communicate with counsel, has prevented this case from proceeding. Defendant is likely to be prejudiced by this delay which is attributable to the failure of both plaintiff and plaintiff's counsel to diligently prosecute this case since its filing in July 2018. Accordingly, the Court grants defendant's motion to dismiss and dismisses this action for failure to prosecute. The Clerk of Court is directed close this case and to mail a copy of this Order to Shayla Garrett, 149 Wallace Court, Freeport, New York, 11520.

**SO ORDERED.**

Dated: October 22, 2020
Central Islip, New York                               /s/ (JMA)
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE